IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LULA MAE COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-015 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Lula Mae Cooper ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.     BACKGROUND**

Plaintiff, a fifty-five year-old with a ninth-grade education and no relevant past work experience, protectively applied for SSI on December 21, 2011, alleging a disability onset date of October 30, 2010. Tr. ("R."), pp., 38, 117-122. The Social Security Administration

denied Plaintiff's applications initially, R. at 67-76 and on reconsideration, R. at 78-87. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. at 105-107, and the ALJ held a hearing on June 11, 2013, R. at 52-66. At the hearing, the ALJ heard testimony from Plaintiff, who was unrepresented at the time but now has counsel for this appeal, and Mark Liebtrot, a Vocational Expert ("VE"). Id. On June 14, 2013, the ALJ issued an unfavorable decision. R. at 38-45.

Applying the five-step sequential process required by 20 C.F.R. § 416.920 the ALJ found:

1. The claimant has not engaged in substantial gainful activity since December 21, 2011, the application date (20 CFR §§ 416.971 *et seq.*).

2. The claimant has the following severe impairment: minor motor seizures (20 CFR § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (RFC) to perform medium work as defined in 416.967(a)[1] except she can perform no work that involves climbing ladders, ropes, or scaffolds. Further, the claimant must avoid extreme heat, humidity and workplace hazards such as unprotected heights and dangerous machinery. Additionally, she would miss approximately one day per month of work, and is limited to unskilled work based on vocational and educational factors.

---

[1] As defined in 20 C.F.R. § 404.1567, medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

5. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 416.969, and 416.969(a)).

R. at 38-45.

When the Appeals Council denied Plaintiff's request for review, R. at 1-4, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because (1) the Appeals Council improperly disregarded new evidence that shows Plaintiff has an IQ of 60 and (2) Plaintiff meets Listing 12.05(C) for intellectual disability. (See doc. no. 14 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. (See doc. no. 15 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference,

3

the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. The Appeals Council Erred in Failing to Consider Plaintiff's IQ Score of 60.

Plaintiff submits that it was error for the Appeals Council not to remand her case based on an evaluation by Dr. Edwin Sperr dated September 27, 2013 that found Plaintiff's IQ to be 60. (Pl.'s Br., p.3.) Plaintiff contends that this was error because Plaintiff was unrepresented at the hearing, and the score would have qualified her as disabled under Listing 12.05C.

Under Eleventh Circuit law, "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007). In other words, when the Appeals Council denies review despite the submission of additional evidence, the determinative inquiry is whether Plaintiff has submitted "new, material, chronologically relevant evidence" to the Appeals Council that "renders the decision of the [ALJ] to deny benefits unsupported by substantial evidence." Id. at 1261, 1266. "'New' evidence is evidence that is non-cumulative, and 'material' evidence is evidence that is 'relevant and probative so that there is a reasonable possibility that it would change the administrative result.'" Robinson v. Astrue, 365 F. App'x 993, 996 (11th Cir. 2010) (quoting Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987)). When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision is also subject to judicial review

because it amounts to an error of law.  Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994)

In order to be chronologically relevant, new evidence must relate to the period on or before the date of the ALJ's decision.  See Enix, 461 F. App'x at 863 (citing Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999) (providing that, in order to be probative of whether the person was disabled during the period under review, evidence must relate to that period); see also Lipscomb v. Comm'r of Soc. Sec., F. App'x 903, 907 (11th Cir. 2006) (questionnaire related to the time period under consideration by ALJ because doctor "indicated that his questionnaire answers related to his perception of [claimant's] condition as it existed prior to the ALJ's decision" by basing the opinion on both his treatment records and those from other doctors, all dated during the relevant time period).

The Appeals Council rejected the evidence as being chronologically unrelated to the ALJ's decision dated June 14, 2013, stating that it was "about a later time."  R. at 2.  However, this finding ignores the general presumption recognized by the Eleventh Circuit that an IQ score remains constant throughout a claimant's life.  Hodges v. Barnhart, 276 F.3d 1265, 1268 (11th Cir. 2001).  Thus, the Appeals Council's boilerplate denial based on the date of the record completely ignores the extremely high likelihood that her IQ was 60 at the time of the ALJ's decision.  Accordingly, Dr. Sperr's evaluation relates to the relevant period for the ALJ's decision, and the Appeals Council's finding on chronological relevance is erroneous.

Although the Appeals Council is not required to give a detailed rationale for why each piece of new evidence submitted does not change the result, it is required to apply the correct legal standards in performing its duties. Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014). A recent nonbinding case from the Eleventh Circuit found that it was error for the Appeals Council to refuse to consider a qualifying IQ score under Listing 12.05C and that such evidence was material. Hethcox v. Comm'r of Soc. Sec., No. 15-11638, 2015 WL 8951411, at *3 (11th Cir. Dec. 16, 2015). Similar to Hethcox, Plaintiff's IQ score of 60 would qualify under Listing 12.05C and her ninth-grade education indicates that this impairment may have existed before age 22. R. at 24, 164. Thus, at the very least, the Appeals Council was required to provide an explanation for why the new evidence did not qualify Plaintiff under Listing 12.05C. Hethcox, 2015 WL 8951411, at *3.

The Commissioner urges the Court to affirm because the record demonstrates that Plaintiff does not demonstrate the requisite deficits in adaptive functioning under Listing 12.05C. See Comm'r's Br., p. 10. However, it is not the duty of this Court to supply a post hoc rationalization for the decision of the Appeals Council. The Appeals Council committed legal error in failing to consider the new evidence, and the decision must be remanded so that the Commissioner can decide, based on the complete record submitted at the administrative level, whether Plaintiff meets Listing 12.05C.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED**

and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 23rd day of May, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA